# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| DEBORAH A. RABONG, | Case No: 1:14-cv-811 |
|         Plaintiff, | Dlott, J. |
| v. | Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
|         Defendant. | |

## REPORT AND RECOMMENDATION

### I.  Background

On October 16, 2014, Plaintiff Deborah Rabong filed this Social Security appeal in order to challenge the Defendant's finding that she was not disabled. *See* 42 U.S.C. §405(g). The parties subsequently filed a joint motion to remand for further development of the record, which was granted by this Court, as was a timely filed motion for attorney's fees filed under the Equal Access for Justice Act. (*See* Docs. 16, 18, 19, 19). Following remand, an Administrative Law Judge ("ALJ") issued a favorable decision, indicating that Plaintiff was entitled to past due benefits in the amount of $29,098.00 for November 2011 through May 2016. (Doc. 20-1 at 2). Plaintiff's counsel has now filed a motion seeking a fee award of 25% of the past due benefits, the maximum permitted under the Social Security Act, 42 U.S.C. §406(b).

The pending motion has been referred to the undersigned for initial review and a Report and Recommendation. I now recommend that the motion be granted in full.

### II.  Analysis

Counsel states that Plaintiff signed a contingency fee agreement, permitting

payment up to the statutory maximum, or $7,274.50.  Unlike an Equal Access to Justice Act award that is paid directly by the United States, a fee award under §406(b) impacts the social security claimant, because it is paid directly out of her past benefits award. However, also in contrast to the EAJA which permits payment of attorney's fees upon judicial remand alone, a §406(b) fee can be awarded <u>only</u> if the agency awards benefits after remand.

Counsel appropriately acknowledges that the previously received EAJA award must be applied as an offset against any fee awarded under 42 U.S.C. § 406(b), in order to avoid a double-recovery for the same work.  In addition to the prior EAJA award, counsel acknowledges that he has received an additional payment of $1,909.00 from the Payment Center.  Therefore, while seeking a total award of $7,274.50, most of that sum has already been paid to counsel and he seeks only the additional sum of $2585.50 in the present motion.

Although the Commissioner has filed a response indicating no opposition to the motion, this Court has an affirmative duty under *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817 (2002) and related Sixth Circuit authority to examine the "reasonableness" of the amount of fees sought under §406(b).  As Plaintiff acknowledges, a contingency fee may be reduced if the fee requested would constitute a windfall.  *Gisbrecht*, 535 U.S. at 808, citing *Rodriguez v. Sec'y of HHS*, 865 F.2d 739, 746-747 (6th Cir. 1989) (*en banc*).  The Court's affirmative duty to examine the fee for reasonableness includes an examination of the timeliness of the motion.

With respect to timeliness, Plaintiff's motion indicates that she received a fully favorable decision after remand on **May 26, 2016**.  However, counsel did not file the motion seeking a fee award until **May 4, 2017**.  Since January 1, 2016, Local Rule

2

54.2(b) has stated: "An attorney seeking fees awarded under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), must file a motion for fees no later than forty-five days after entry of judgment or the date shown on the face of the social security certificate award (notice of award), whichever is later." In this case, counsel has attached what appears to be an amended Notice of "Change in Benefits" rather than the original Notice of Award. The Notice attached to the motion indicates that it is intended to replace "the attorney fee paragraphs <u>on your award notice dated August 17, 2016</u> and the notice dated January 14, 2017." (Doc. 20-1 at 1, emphasis added)

Counsel has long experience representing social security claimants, and other attorneys in his firm appear frequently in this Court to appeal adverse social security decisions. *See e.g. Ferry v. Com'r of Soc. Sec.*, 2016 WL 4471672 (S.D. Ohio August 4, 2016), adopted at 2016 WL 4447819 (S.D. Ohio Aug. 24, 2016) (expressly warning attorney in same firm of enactment of local rule).

Despite the question of timeliness evident from the face of the motion and the fact that Local Rule 54.2(b) was enacted more than two years ago, the undersigned will recommend that the motion be conditionally granted in full <u>on this one occasion</u>. In counsel's favor, the issue of timeliness was not raised by the Commissioner, and it is conceivable that counsel could present a colorable argument that the time should be tolled based upon the Agency's amendments to the original notice. *Accord, e.g., Ferry* (applying equitable tolling "on this one occasion" to grant a motion for fees that was untimely under Local Rule 54.2(b)); *Hicks v. Com'r*, Case No. 1:15-cv-110 (reducing fee award under 406(b) where motion was filed 36 days late, and would constitute a windfall); *but see Iames v. Com'r*, Case No. 1:12-cv-829 (denying untimely § 406(b) motion in its entirety where counsel had been warned to comply with Local Rule

54.2(b)). Moreover, counsel obviously achieved excellent results and – unlike other counsel in his firm - does not appear to have been expressly warned on any prior occasion that a failure to timely file his § 406(b) motion could result in a reduction or denial of his fee. In addition, the Court calculates the hypothetical hourly rate to be within the bounds of a "reasonable" range under the unique circumstances of this case ($519.60). *But see Clark v. Com'r*, Case No. 14-330 (reducing § 406(b) award from hypothetical hourly rate of $554.50 to $360 per hour, based in part upon untimeliness of motion in violation of Local Rule 54.2(b)); *see also Hicks v. Com'r*, Case No. 1:15-cv-110 (reducing fee award under 406(b) where motion was filed 36 days late, and would constitute a windfall);

### III. Conclusion and Recommendations

For the reasons stated, it is **RECOMMENDED THAT:**

1. Plaintiff's motion for an award of attorney's fees under 42 U.S.C. § 406(b) (Doc. 20) should be GRANTED, with counsel to be awarded an additional attorney's fee in the amount of $2585.50;

2. <u>Plaintiff's counsel is forewarned that any **future** untimely filing of a § 406(b) motion, in violation of Local Rule 54.2(b), is likely to result in the significant reduction and/or outright denial of any statutory fee</u>;

3. Counsel should be required to explicitly address the issue of timeliness in any currently pending or future § 406(b) motions filed in this Court.

    *s/ Stephanie K. Bowman*
    Stephanie K. Bowman
    United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| DEBORAH A. RABONG, | Case No: 1:14-cv-811 |
| Plaintiff, | Dlott, J. |
| v. | Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).